Jacob Loup (Cal. Bar No. 331695)
jl@louplaw.com
Law Office of Jacob Loup
400 Corporate Pointe Ste 300
Culver City CA 90230
347-391-5009

Akeeb Dami Animashaun
dami@animashaun.me
(Cal Bar. No. 339294)
355 S. Grand Ave., Suite 2450
Los Angeles, California 90071
929-266-3971

*Attorneys for Defendant Jason Reedy*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

WILSHIRE BOULEVARD TEMPLE et al.,

Plaintiffs,

v.

TURTLE ISLAND LIBERATION FRONT LA et al.,

Defendants.

No. 2:26-cv-07560-MCS-AJR

Hon. Mark C. Scarsi

**DECLARATION OF JACOB LOUP IN SUPPORT OF DEFENDANT JASON REEDY'S MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE**

Hearing date and time:
Monday, January 25, 2027, 9:00 a.m.

ORAL ARGUMENT REQUESTED

Pursuant to 28 U.S.C. § 1746, I, Jacob Loup, hereby declare and state under penalty of perjury as follows:

1. Along with co-counsel Akeeb Dami Animashaun, I represent Defendant Jason Reedy in the above-captioned matter. I submit this declaration in support of Mr. Reedy's Motion to Dismiss the First Amended Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and his Special Motion to Strike under California Code of Civil Procedure § 425.16, both of which are being filed today.

2. Plaintiffs served their original complaint on Mr. Reedy on July 28, 2026. ECF 1. A Local Rule 7-3 conference was timely held, via Microsoft Teams, on September 4, 2026, at 1:30 pm. Counsel for Plaintiffs and Defendant People's City Council ("PCC") attended, and I attended on behalf of Mr. Reedy.

3. At that conference, I informed Plaintiffs' counsel that Mr. Reedy intended to file a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Among other things, I indicated that the Complaint impermissibly contained numerous allegations against undifferentiated "Defendants" and that those allegations did not adequately plead Mr. Reedy's involvement in the alleged conduct. I also informed Plaintiffs' counsel that Mr. Reedy intended to file a special motion to strike the state-law claims under California's anti-SLAPP statute, Cal. Code Civ. P. § 425.16. We also discussed procedural matters, including the prospective hearing date for Defendants' motions.

4. On September 8, 2026, Plaintiffs' counsel informed me by email that Plaintiffs intended to amend their complaint. With Mr. Reedy's consent, they filed their First Amended Complaint on September 25, 2026. ECF 61 ("FAC"). I promptly contacted Plaintiffs' counsel to seek a second Local Rule 7-3 conference.

5. A second Local Rule 7-3 conference was timely held, via Microsoft Teams, on September 30, 2026, at 1:30 pm. Counsel for Plaintiffs attended, and I

attended on behalf of Mr. Reedy. I informed Plaintiffs' counsel that Mr. Reedy intended to move to dismiss parts of the FAC under Federal Rule of Civil Procedure 12(b)(1), and the entire FAC under Rule 12(b)(6), and I summarized each of the arguments Mr. Reedy intended to make under each rule. I also informed Plaintiffs' counsel that Mr. Reedy intended to file a special motion to strike the state-law claims under Cal. Code Civ. P. § 425.16. In addition, we discussed procedural matters, including the prospective hearing date for the motions. Plaintiffs' counsel indicated that they expected to oppose Mr. Reedy's motions but would take my comments under advisement. As of the filing of Mr. Reedy's motions, the parties have not been able to reach any resolution.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 9, 2026.

*/s/ Jacob Loup*
Jacob Loup