Jacob Loup (Cal. Bar No. 331695)
jl@louplaw.com
Law Office of Jacob Loup
400 Corporate Pointe Ste 300
Culver City CA 90230
347-391-5009

Akeeb Dami Animashaun
dami@animashaun.me
(Cal Bar. No. 339294)
355 S. Grand Ave., Suite 2450
Los Angeles, California 90071
929-266-3971

*Attorneys for Defendant Jason Reedy*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILSHIRE BOULEVARD TEMPLE et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TURTLE ISLAND LIBERATION FRONT LA et al.,<br><br>Defendants. | No. 2:26-cv-07560-MCS-AJR<br><br>Hon. Mark C. Scarsi<br><br>**DEFENDANT JASON REEDY'S NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE UNDER CAL. CIV. PROC. CODE § 425.16**<br><br>Hearing date and time:<br>Monday, January 25, 2027, 9:00 a.m.<br><br>ORAL ARGUMENT REQUESTED |

Please take notice that on Monday, January 25, 2027, at 9:00 a.m., or as soon thereafter as counsel may be heard in the courtroom of the Honorable Mark C. Scarsi, located in Courtroom 7C of the Felicitas and Gonzalo Mendez United States Courthouse, 350 West 1st Street, 6th Floor, Defendant Jason Reedy will seek an order striking the state-law claims in Plaintiffs' First Amended Complaint, ECF 51, under California Code of Civil Procedure § 425.16.

This motion is made upon the following grounds:

1. Plaintiffs' state-law claims against Reedy arise from conduct in furtherance of Reedy's constitutional right to free speech in connection with a public issue; and
2. These claims fail under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and therefore Plaintiffs cannot establish that there is a probability that they will prevail on these claims.

Reedy makes this motion after conducting two conferences with Plaintiffs' counsel pursuant to Local Rule 7-3, as detailed in the concurrently filed Declaration of Jacob Loup, ECF 59-1.

This motion is based on this Notice of Motion and Special Motion to Strike Under California Code of Civil Procedure § 425.16; Plaintiffs' First Amended Complaint, ECF 51; the memorandum of points and authorities filed herewith; Defendant Jason Reedy's concurrently filed Notice of Motion and Motion to Dismiss the First Amended Complaint Under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), ECF 59; the Declaration of Jacob Loup, ECF 59-1; and the pleadings and papers filed herein.

Dated: October 9, 2026

Respectfully submitted,

*/s/ Jacob Loup*

Jacob Loup
Law Office of Jacob Loup

Akeeb Dami Animashaun, Esq.

*Attorneys for Defendant Jason Reedy*

## TABLE OF CONTENTS


TABLE OF AUTHORITIES .................... ii

INTRODUCTION .................... 1

FACTUAL ALLEGATIONS .................... 1

ARGUMENT .................... 3

1. General legal principles governing the application of California's anti-SLAPP statute in federal court .................... 3

2. Reedy's speech at the symposium criticizing Israel was in connection with a public issue. .................... 4

3. Reedy's conduct was in furtherance of his right to free speech. .................... 5

4. Plaintiffs' state-law claims fail under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). .................... 7

CONCLUSION .................... 10

CERTIFICATE OF COMPLIANCE .................... 11

## TABLE OF AUTHORITIES

### Cases

*Bonni v. St. Joseph Health Sys.*,
11 Cal.5th 995 (2021) .......... 5

*Civic W. Corp. v. Zila Indus., Inc.*,
66 Cal.App.3d 1 (1977) .......... 9

*Concerned Jewish Parents & Tchrs. of L.A. v. Liberated Ethnic Stud. Model Curriculum Consortium*, No. CV 22-3243 FMO (EX), 2024 WL 5274857 (C.D. Cal. Nov. 30, 2024), *vacated on other grounds*, Nos. 24-7676, 25-3436, 2026 WL 2620965 (9th Cir. Sept. 4, 2026). .......... 5

*CoreCivic, Inc. v. Candide Grp., LLC*,
46 F.4th 1136 (9th Cir. 2022) .......... 3, 6

*DC Comics v. Pac. Pictures Corp.*,
706 F.3d 1009 (9th Cir. 2013) .......... 3

*Donahue Schriber Realty Grp., Inc. v. Nu Creation Outreach*,
232 Cal.App.4th 1171 (2014) .......... 9

*FilmOn.com Inc. v. DoubleVerify Inc.*,
7 Cal.5th 133 (2019) .......... 4

*Governor Gray Davis Comm. v. Am. Taxpayers All.*,
102 Cal.App.4th 449 (2002) .......... 6

*Grant v. City of Long Beach*,
No. CV2106666JVSJEMX, 2022 WL 17403068 (C.D. Cal. Nov. 28, 2022) .......... 9

*Greater L.A. Agency on Deafness, Inc. v. Cable News Network, Inc.*,
742 F.3d 414 (9th Cir. 2014) .......... 6

*Hay v. Univ. of S. Cal.*,
No. CV 22-5199 DSF (GJSX), 2022 WL 23031480 (C.D. Cal. Oct. 17, 2022) .......... 9

*Herring Networks, Inc. v. Maddow*,
8 F.4th 1148 (9th Cir. 2021) .......... 3

*Hilton v. Hallmark Cards*,
599 F.3d 894 (9th Cir. 2010) .......... 6

*Huntingdon Life Scis., Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.*,
129 Cal.App.4th 1228 (2005) .......... 6, 7

*In re: Santa Clarita, LLC*,
No. 2:22-CV-04261-JLS, 2023 WL 6194159 (C.D. Cal. Aug. 21, 2023) .......... 5

*Intel Corp. v. Hamidi*,
30 Cal.4th 1342 (2003) .......... 9

*Jones v. Kmart Corp.*,
17 Cal.4th 329 (1998) .......... 9

*Ketchum v. Moses*,
24 Cal. 4th 1122 (2001) .......... 1

*Langer v. Kiser*,
57 F.4th 1085 (9th Cir. 2023) .......... 4, 6, 7

*M.G. v. Time Warner, Inc.*,
89 Cal.App.4th 623 (2001) .......... 4

*Mindys Cosmetics, Inc. v. Dakar*,
611 F.3d 590 (9th Cir. 2010) .......... 4

*Midpeninsula Citizens for Fair Hous. v. Westwood Invs.*,
221 Cal.App.3d 1377 (1990) .......... 7

*N.Y. Times Co. v. Sullivan*,
376 U.S. 254 (1964) .......... 1

*OneLegacy v. City of Monterey Park*,
No. 219CV04911ABJPRX, 2019 WL 6729723 (C.D. Cal. Aug. 21, 2019) .......... 5

*Park v. Bd. of Trs. of Cal. State Univ.*,
2 Cal.5th 1057 (2017) .......... 5, 6

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*,
890 F.3d 828 (9th Cir. 2018) .......... 4

*Rivero v. Am. Fed'n of State, Cnty., & Mun. Emps., AFL-CIO*, 105 Cal.App.4th 913 (2003) .......... 4

*Theofel v. Farey-Jones*, 359 F.3d 1066 (9th Cir. 2004) .......... 9

*Wilbanks v. Wolk*, 121 Cal.App.4th 883 (2004) .......... 4

*Wilson v. Cable News Network, Inc.*, 7 Cal.5th 871 (2019) .......... 5

**Constitutional Provisions**

U.S. Const., amend. I .......... 1, 6, 8

**Statutes**

Cal. Civ. Code § 51 .......... 8

Cal. Civ. Code § 51.7 .......... 7

Cal. Civ. Code § 52 .......... 7

Cal. Civ. Code § 52.1 .......... 8

Cal. Civ. Proc. Code § 425.16(a) .......... 1

Cal. Civ. Proc. Code § 425.16(b)(1) .......... 3, 6, 7

Cal. Civ. Proc. Code § 425.16(c) .......... 4

Cal. Civ. Proc. Code § 425.16(e) .......... 4

Cal. Penal Code § 423.2 .......... 8

**Rules**

Fed. R. Civ. P. 12(b)(1) .......... 1, 7

Fed. R. Civ. P. 12(b)(6) .......... 1, 4, 7

**Other Authorities**

Jamie Paige, *'F- ICE, F– LAPD!': LA's radical protestors behind synagogue firestorm*, N.Y. Post, Dec. 5, 2025, https://nypost.com/2025/12/05/us-news/the-radical-la-activists-who-targeted-a-synagogue-event/ .......... 2

Restatement (Second) of Torts § 176 .......... 9

*Symposium,* Merriam-Webster, https://www.merriam-webster.com/dictionary/symposium .......... 10

## INTRODUCTION

California enacted its anti-SLAPP statute in response to "a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional right[] of freedom of speech," declaring that "participation in matters of public significance … should not be chilled through abuse of the judicial process." Cal. Civ. Proc. Code § 425.16(a). The statute allows courts to dispose of meritless state-law claims that seek to "chill the valid exercise of … constitutional rights." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001).

As detailed further in Defendant Jason Reedy's concurrently-filed Motion to Dismiss, ECF 59, which is hereby incorporated by reference, the present lawsuit, if allowed to proceed past the pleading stage, will contribute to a "pall of fear and timidity" in which "First Amendment freedoms cannot survive." *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964). This Court should grant Reedy's special motion to strike Plaintiffs' state-law claims under California Code of Civil Procedure § 425.16. Reedy's alleged participation in a demonstration criticizing the State of Israel clearly was conduct in furtherance of his right to free speech in connection with a public issue, and because Plaintiffs' state-law claims are inadequately pleaded under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Plaintiffs cannot show the probability of success that the anti-SLAPP statute requires.

## FACTUAL ALLEGATIONS

Plaintiffs' factual allegations are detailed in Reedy's concurrently-filed Motion to Dismiss. Briefly summarized, in December 2025, a "Symposium on AI and Public Safety" was sponsored by, among others, "the Consulate General of Israel" and the "Korean American Federation of Los Angeles." First Amended Complaint, ECF 51 ("FAC"), ¶ 2-3. It featured local and Israeli police officers and a representative of "Elbit Systems, an Israeli tech company specializing in defense [and] homeland security." *Id.* ¶ 3. According to news coverage cited at FAC ¶ 49 n.20, "[p]rotesters accused Elbit of aiding Israeli military operations and providing

surveillance tools to ICE."[1] The symposium was held at Wilshire Boulevard Temple's standalone "event space, the Audrey Irmas Pavilion" ("Pavilion"). *Id.* ¶ 8.

Plaintiffs allege that the defendant organizations issued calls on social media to protest the symposium. *Id.* ¶¶ 63-69. People's City Council, of which Reedy is alleged to be "a leader," *id.* ¶ 51, called for supporters "to shut down 'THIS Z1ONIST [sic] CONSULATE EVENT. BRING YOUR NOISEMAKERS. LET'S SHUT THIS DOWN!!!'", *id.* ¶ 68. PCC's post highlighted that the event "FEATUR[ED] WEAPONS MANUFACTURER ELBIT SYSTEMS." *Id.* (alleging that PCC reposted first screenshot shown on FAC p. 27).

While Plaintiffs make various allegations about events that occurred outside the Pavilion before the symposium began, the FAC does not allege that Reedy, specifically, was present or did anything outside. *Id.* ¶¶ 71-79.

Plaintiffs allege that, inside the event, some Defendants carried out "staggered disruptions." *Id.* ¶ 70. The only specific allegations about Reedy are that he stood outside the glass-walled room where the symposium was held, *id.* ¶ 10, "screamed and shouted at attendees, pounded on the glass, and used his cellphone to record the program and the attendees," with a crying infant "strapped to his chest and another child in a stroller," *id.* ¶ 86. The above-referenced news article cited by Plaintiffs reproduces an Instagram video that appears to show Reedy speaking, barely audibly, and not pounding on any glass. Plaintiffs also allege that Reedy had earlier had his toddler placed inside the symposium to cry and "create a disturbance." *Id.* ¶ 82.

Plaintiffs allege that symposium-goers were "required to register in advance" and were told "that security officers would check identification at the door to

---

[1] Jamie Paige, *'F- ICE, F– LAPD!': LA's radical protestors behind synagogue firestorm*, N.Y. Post, Dec. 5, 2025, https://nypost.com/2025/12/05/us-news/the-radical-la-activists-who-targeted-a-synagogue-event/.

confirm advance registration." *Id.* ¶ 40. They claim that Reedy "did not register for the Symposium." *Id.* ¶ 61. But if Reedy got into the event, as Plaintiffs claim, then either he must have registered or it must be that entry was allowed without registration.

The FAC contains the new, conclusory allegation that "Reedy refused instructions to leave the premises," *id.* ¶ 87, but provides no details about this alleged refusal, such as who ordered him out, the manner of his refusal, or how long it took him to leave.

## ARGUMENT

### 1. General legal principles governing the application of California's anti-SLAPP statute in federal court

Under California's anti-SLAPP statute, a court should grant a "special motion to strike" any claims

> arising from any act of [the defendant] in furtherance of [his] right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue . . . unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

Cal. Civ. Proc. Code § 425.16(b)(1). In the Ninth Circuit, federal courts apply the anti-SLAPP statute to state-law claims subject to the court's supplemental jurisdiction. *See, e.g.*, *DC Comics v. Pac. Pictures Corp.*, 706 F.3d 1009, 1012 (9th Cir. 2013).

Applying the statute in federal court requires "a two-step inquiry." *CoreCivic, Inc. v. Candide Grp., LLC*, 46 F.4th 1136, 1140 (9th Cir. 2022) (quoting *Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1155 (9th Cir. 2021)). First, the defendant must "make a prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's constitutional right to free speech." *Id.* (quoting *Herring*, 8 F.4th at 1155). Second, "if, as here, the 'anti-SLAPP motion to

strike challenges only the legal sufficiency of a claim, a district court should apply the Federal Rule of Civil Procedure 12(b)(6) standard and consider whether [the] claim is properly stated.'" *Id.* (quoting *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018)). Specific principles applicable to each of these two issues are discussed in more detail below.

"If the special motion succeeds, the defendant is entitled to attorney's fees and costs." *Id.* (citing Cal. Civ. Proc. Code § 425.16(c)).

As a general matter, "California's anti-SLAPP statute is to be 'construed broadly.'" *Langer v. Kiser*, 57 F.4th 1085, 1105 (9th Cir. 2023) (quoting *Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 595 (9th Cir. 2010)).

**2. Reedy's speech at the symposium criticizing Israel was in connection with a public issue.**

An "'act in furtherance of a person's right of petition or free speech . . . in connection with a public issue' includes," *inter alia*, "any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest," or "any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." Cal. Civ. Proc. Code § 425.16(e)(3)-(4).

An "issue of public interest" includes subjects of speech who are "a person or entity in the public eye," subjects that "could affect large numbers of people beyond the direct participants," *FilmOn.com Inc. v. DoubleVerify Inc.*, 7 Cal.5th 133, 145 (2019) (quoting *Wilbanks v. Wolk*, 121 Cal.App.4th 883, 898 (2004)), or simply "a topic of widespread, public interest," *Rivero v. Am. Fed'n of State, Cnty., & Mun. Emps., AFL-CIO*, 105 Cal.App.4th 913, 924 (2003); *see, e.g.*, *M.G. v. Time Warner, Inc.*, 89 Cal.App.4th 623, 629 (2001) (finding that the "topic[s] of child molestation in youth sports" and "domestic violence" are issues of "public interest" under the anti-SLAPP statute).

Here, Reedy's speech criticizing the State of Israel and the ideology of Zionism—among the most widely discussed and contested issues of the current moment—clearly was speech on an issue of public interest. *See, e.g.*, *Concerned Jewish Parents & Tchrs. of L.A. v. Liberated Ethnic Studs. Model Curriculum Consortium*, No. CV 22-3243 FMO (EX), 2024 WL 5274857, at *24 (C.D. Cal. Nov. 30, 2024) (finding that speech criticizing Israel and Zionism is speech on public issue under the anti-SLAPP statute), *affirmed in part, vacated in part, on other grounds*, Nos. 24-7676, 25-3436, 2026 WL 2620965 (9th Cir. Sept. 4, 2026).

**3. Reedy's conduct was in furtherance of his right to free speech.**

"In determining whether a claim arises from protected activity, courts must 'consider the elements of the challenged claim and what actions by the defendant supply those elements and consequently form the basis for liability.'" *OneLegacy v. City of Monterey Park*, No. 219CV04911ABJPRX, 2019 WL 6729723, at *3 (C.D. Cal. Aug. 21, 2019) (quoting *Wilson v. Cable News Network, Inc.*, 7 Cal.5th 871, 884 (2019)). The "speech or petitioning activity" must "*itself* [be] the wrong complained of" by the plaintiffs. *Park v. Bd. of Trs. of Cal. State Univ.*, 2 Cal.5th 1057, 1060 (2017) (emphasis in original). In other words, the court must look at the alleged "liability-creating activity" rather than actions that "merely lead to" such activity. *In re: Santa Clarita, LLC*, No. 2:22-CV-04261-JLS, 2023 WL 6194159, at *6 (C.D. Cal. Aug. 21, 2023) (quoting *Park*, 2 Cal.5th at 1064).

A plaintiff cannot evade anti-SLAPP relief by "artful[ly] pleading" a "cause of action that rests on allegations of multiple acts, some of which constitute protected activity and some of which do not"—a so-called "mixed cause of action." *Bonni v. St. Joseph Health Sys.*, 11 Cal.5th 995, 1010 (2021). In such an instance, a claim arises from protected conduct so long as it is in part "predicated on" such conduct; unprotected acts that "also have been alleged within what has been labeled a single cause of action … are 'disregarded at this stage.'" *Id.* (quoting *Baral v. Schnitt*, 1 Cal.5th 376, 396 (2016)).

As the statutory text says, the first, "threshold" anti-SLAPP step is satisfied if the plaintiffs' claim arises from "not merely actual exercises of free speech rights but also conduct that furthers such rights." *Hilton v. Hallmark Cards*, 599 F.3d 894, 903 (9th Cir. 2010); *see* Cal. Civ. Proc. Code § 425.16(b)(1). Moreover, "[t]he California legislature 'did not intend that in order to invoke the special motion to strike the defendant must first establish [his or] her actions are constitutionally protected under the First Amendment as a matter of law.'" *Greater L.A. Agency on Deafness, Inc. v. Cable News Network, Inc.*, 742 F.3d 414, 424 (9th Cir. 2014) (quoting *Governor Gray Davis Comm. v. Am. Taxpayers All.*, 102 Cal.App.4th 449, 458 (2002)). Thus, in cases where it is alleged that the moving defendant entered onto the plaintiff's property in furtherance of speech on a public issue, courts have found the first anti-SLAPP step to be satisfied, while reserving for the second anti-SLAPP step the question of whether a trespass was adequately pleaded. *See Langer*, 57 F.4th at 1105 (holding that trespass defendant satisfied step one by showing that he entered on plaintiff's property "to assess ADA compliance"); *Huntingdon Life Scis., Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.*, 129 Cal.App.4th 1228, 1246 (2005) (holding that question of whether defendant trespassed when protesting testing of products on animals must be reserved for step two).

Here, Reedy makes the required "prima facie showing that [Plaintiffs' state-law claims] arise[] from an act in furtherance of [Reedy]'s constitutional right to free speech." *CoreCivic,* 46 F.4th at 1140 (internal quotation marks omitted). Shouting in protest of a symposium featuring an Israeli weapons manufacturer is a paradigmatic instance of the type of speech the First Amendment is meant to protect. And Reedy's protesting is the very conduct that Plaintiffs claim is his "liability-creating activity." *Park*, 2 Cal.5th at 1064. As detailed in Reedy's concurrently-filed Motion to Dismiss, Plaintiffs' FACCE, Ralph Act, and Bane Act claims all arise from his shouting in protest outside the room where the symposium was being held. Plaintiffs allege that Reedy's very speech makes him liable,

evidently either because, they seem to claim, it constituted a true threat or because it obstructed certain symposium-goers' ingress or egress. (Neither theory is adequately pleaded, as shown in the Motion to Dismiss.) Because Reedy's speech itself is the complained-of conduct, Reedy satisfies step one of the anti-SLAPP inquiry. Whether this conduct actually amounts to a violation of FACCE, the Ralph Act, or the Bane Act must be reserved from step two.

A similar analysis applies to Plaintiffs' trespass claim. As in *Langer* and *Huntingdon*, Reedy entered the property controlled by Plaintiffs in furtherance of his protected speech. To the extent that Plaintiffs allege that Reedy, having been admitted to the Pavilion, acted "in excess of the permission granted" once he spoke up and protested the event, FAC ¶ 212, the trespass cause of auction is predicated on Reedy's speech itself.

Step one of the anti-SLAPP analysis is satisfied.

**4. Plaintiffs' state-law claims fail under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).**

As discussed above, when an anti-SLAPP motion is filed in federal court, step two of the anti-SLAPP inquiry requires the court to apply the Rule 12 standard to determine whether the plaintiff has defeated the anti-SLAPP motion by showing "a probability that the plaintiff will prevail on the claim." Cal. Civ. Proc. Code § 425.16(b)(1). As Reedy has shown in his Motion to Dismiss, Plaintiffs' state-law claims, like their federal claims, all fail under Rule 12, for the following reasons.

First, the Temple cannot sue under the Ralph Act. The rights protected by the Ralph Act are set forth at California Civil Code § 51.7. In turn, § 52(b) imposes liability on violators of "right[s] provided by Section 51.7," and § 52(c) authorizes suit by "any *person aggrieved*" by the violation of "rights described in this section" (emphasis added). "[P]erson aggrieved" means "individuals," not nonprofit corporations like the Temple. *Midpeninsula Citizens for Fair Hous. v. Westwood Invs.*, 221 Cal.App.3d 1377, 1383 (1990).

Second, Plaintiffs fail to state claims under California's FACCE statute. California Penal Code § 423.2, or "FACCE," is essentially identical to the federal FACE statute, except it demands more by requiring that any actionable "force, threat of force, or physical obstruction" also be "a crime of violence." Cal. Penal Code § 423.2(b). There is little caselaw interpreting FACCE. Because its text is functionally identical to the federal FACE statute's text, Plaintiffs' state-law FACCE claims fail for the same reason their federal FACE claims do, as set forth in Reedy's Motion to Dismiss.

Third, Plaintiffs fail to state claims under the Ralph and Bane Acts. The Ralph Act prohibits "violence, or intimidation by threat of violence" against "persons or property because of political affiliation" or other protected characteristic. Cal. Civ. Code § 51.7(b)(1); *see id.* § 51(b). "Speech alone" is not actionable unless, *inter alia*, it "threatens violence" and the hearer "reasonably fears that … violence will be committed against them or their property." *Id.* § 51.7(e)(1), (e)(1)(A)-(B). The Bane Act covers anyone who "interferes by threat, intimidation, or coercion … with the exercise or enjoyment by any individual" of their constitutional rights. *Id.* § 52.1(b). "Speech alone" is not actionable unless "the speech itself threatens violence against a specific person or group of persons" who "reasonably fears that, because of the speech, violence will be committed against them or their property." *Id.* § 52.1(k). Of course, any actionable speech under the Ralph or Bane Act must be a "true threat" unprotected by the First Amendment.

For the reasons discussed in Section 2.3 of Reedy's Motion to Dismiss, Plaintiffs have not adequately alleged that Reedy committed violence or made any First Amendment–exempted true threats, or that he caused a reasonable fear that he would commit violence. Nor have Plaintiffs adequately alleged that Reedy interfered with any rights they cite as Bane Act predicates: their rights "to practice their faith, to move about free of intimidation or restraint, [or] to assemble and to

speak." FAC ¶ 204. Moreover, these constitutional rights are protected against *government* abridgement only, and "a plaintiff cannot sue under the Bane Act when a private party directly violates a constitutional provision that applies only to state actors." *Hay v. Univ. of S. Cal.*, No. CV 22-5199 DSF (GJSX), 2022 WL 23031480, at *3 (C.D. Cal. Oct. 17, 2022) (citing *Jones v. Kmart Corp.*, 17 Cal.4th 329, 334 (1998)).

Finally, the Temple fails to state a trespass claim. "The essence of the cause of action for trespass is an unauthorized entry onto the land of another." *Donahue Schriber Realty Grp., Inc. v. Nu Creation Outreach*, 232 Cal.App.4th 1171, 1177-78 (2014) (internal quotation marks omitted). "Where there is a consensual entry, there is no tort, because lack of consent is an element of the wrong." *Grant v. City of Long Beach*, No. CV2106666JVSJEMX, 2022 WL 17403068, at *9 (C.D. Cal. Nov. 28, 2022) (quoting *Civic W. Corp. v. Zila Indus., Inc.*, 66 Cal.App.3d 1, 16-17 (1977)). Additionally, "[i]f the consent of a possessor of land to the actor's presence on the land is terminated or suspended, the actor's presence on the land while leaving it with reasonable promptness and in a reasonable manner is privileged …." Restatement (Second) of Torts § 176; *see Theofel v. Farey-Jones*, 359 F.3d 1066, 1073 (9th Cir. 2004) (relying on Restatement for trespass principles); *Intel Corp. v. Hamidi*, 30 Cal.4th 1342, 1351 (2003) (same).

Here, there is no plausible allegation that Reedy lacked consent to enter the Pavilion. While Plaintiffs claim the symposium was "invitation only," FAC ¶ 40, the FAC shows that this did not mean one had to receive an actual invitation to attend. If that were true, then it would not be the case that some individual defendants—who surely were not sent invitations—could have registered for the event, as Plaintiffs allege happened. FAC ¶ 60. Further, while Plaintiffs claim Reedy didn't register, *id.* ¶ 61, the FAC makes clear that either he did register, since security officers "check[ed] identification at the door to confirm advance

registration," and he was let in, *id.* ¶ 40, or people in fact were allowed to attend without registering. Either way, Reedy did not enter without consent.

Nor do Plaintiffs make any non-conclusory allegation that Reedy's alleged shouting during the symposium was "in excess of the permission granted." *Id.* ¶ 211. The FAC nowhere alleges the scope of the consent they granted Reedy. Moreover, the nature of the event implies consent to speak candidly and dissent: a "symposium" connotes a "discussion" or "free interchange of ideas." *Symposium*, Merriam-Webster, https://www.merriam-webster.com/dictionary/symposium.

To the extent Plaintiffs allege the Temple revoked Reedy's consent after his demonstration, his presence was privileged while he acted with reasonable promptness and in a reasonable manner to leave. Because the FAC makes only a conclusory allegation that Reedy "refused instructions to leave," FAC ¶ 87, without saying who asked him to leave or the manner of his alleged refusal, this allegation is insufficient to plead trespass.

## CONCLUSION

For the reasons set forth above, the Court should grant Defendant Jason Reedy's special motion to strike Plaintiffs' state-law claims under California Code of Civil Procedure § 425.16.

Dated: October 9, 2026

*/s/ Jacob Loup*
Jacob Loup
Law Office of Jacob Loup

Akeeb Dami Animashaun, Esq.

*Attorneys for Defendant Jason Reedy*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Jason Reedy, certifies that this brief contains 3,138 words, which complies with the word limit of Local Rule 11-6.1.

Dated: October 9, 2026

*/s/ Jacob Loup*
Jacob Loup