Jacob Loup (Cal. Bar No. 331695)
jl@louplaw.com
Law Office of Jacob Loup
400 Corporate Pointe Ste 300
Culver City CA 90230
347-391-5009

Akeeb Dami Animashaun
dami@animashaun.me
(Cal Bar. No. 339294)
355 S. Grand Ave., Suite 2450
Los Angeles, California 90071
929-266-3971

*Attorneys for Defendant Jason Reedy*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILSHIRE BOULEVARD TEMPLE et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TURTLE ISLAND LIBERATION FRONT LA et al.,<br><br>Defendants. | No. 2:26-cv-07560-MCS-AJR<br><br>Hon. Mark C. Scarsi<br><br>**DEFENDANT JASON REEDY'S REPLY MEMORANDUM IN SUPPORT OF SPECIAL MOTION TO STRIKE UNDER CAL. CIV. PROC. CODE § 425.16**<br><br>Hearing date and time:<br>Monday, January 25, 2027, 9:00 a.m.<br><br>ORAL ARGUMENT REQUESTED |

# TABLE OF CONTENTS


TABLE OF AUTHORITIES ........ iii

INTRODUCTION ........ 1

ARGUMENT ........ 2

1. Because Plaintiffs' state-law claims arise from allegations that Reedy criticized the State of Israel, and acted "in furtherance of" such speech, he has satisfied the first step of the anti-SLAPP test. ........ 2

   1.1. The acts and speech attributed to Reedy concerned "an issue of public interest" and are protected under California Code of Civil Procedure § 425.16(e)(4). ........ 2

   1.2. The anti-SLAPP statute protects not just speech but also acts "in furtherance of" such speech, and Plaintiffs' claims arise from allegations that Reedy both spoke out against Israel and acted in furtherance of such speech. ........ 4

2. Plaintiffs do not come close to showing that this motion is "frivolous" under the highly demanding governing standard, which Plaintiffs ignore. ........ 7

CONCLUSION ........ 9

# TABLE OF AUTHORITIES

## Cases

*Chitsazzadeh v. Kramer & Kaslow*,
199 Cal.App.4th 676 (2011) ..........7

*CoreCivic, Inc. v. Candide Grp., LLC*,
46 F.4th 1136 (9th Cir. 2022) .......... 2

*FenceScreen, Inc. v. D.C. Humphrys Co.*,
No. SACV 21-01406-CJC(DFMx), 2021 WL 8820545
(C.D. Cal. Oct. 14, 2021) ..........7, 8

*Greater L.A. Agency on Deafness, Inc. v. Cable News Network, Inc.*,
742 F.3d 414 (9th Cir. 2014) ..........6

*H-D USA LLC v. Affliction Holdings LLC*,
No. 2:20-cv-01642-VAP-MRWx, 2020 WL 11035916
(C.D. Cal. Nov. 25, 2020) ..........7

*Hilton v. Hallmark Cards*,
599 F.3d 894 (9th Cir. 2010) ..........5

*Huntingdon Life Scis., Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.*,
129 Cal.App.4th 1228 (2005) ..........5, 6

*Langer v. Kiser*,
57 F.4th 1085 (9th Cir. 2023) .......... 3, 5, 6, 7

*Novartis Vaccines & Diagnostics, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.*,
143 Cal.App.4th 1284 (2006) ..........7

*Piping Rock Partners, Inc. v. David Lerner Assocs., Inc.*,
946 F.Supp.2d 957 (N.D. Cal. 2013) ..........3

*Weiland Sliding Doors & Windows, Inc. v. Panda Windows & Doors, LLC*,
814 F.Supp.2d 1033 (S.D. Cal. 2011) .......... 8

*Wilbanks v. Wolk*,
121 Cal.App.4th 883 (2004) .......... 2

**Statutes**

Cal. Civ. Proc. Code § 128.5(b)(2) ........................................................................7

Cal. Civ. Proc. Code § 425.16(a) ..........................................................................3

Cal. Civ. Proc. Code § 425.16(b)(1) ..................................................................1, 2

Cal. Civ. Proc. Code § 425.16(c)(1) ......................................................................7

Cal. Civ. Proc. Code § 425.16(e)(3) ...............................................................2, 3, 6

Cal. Civ. Proc. Code § 425.16(e)(4) ..................................................................2, 6

**Other Authorities**

Aaron Boxerman,
*In a First, Leading Israeli Rights Groups Accuse Israel of Gaza Genocide*,
N.Y. Times, July 28, 2025,
https://www.nytimes.com/2025/07/28/world/middleeast/israel-genocide-gaza-rights-groups.html.............................................................. 4

## INTRODUCTION

Plaintiffs' opposition to Defendant Jason Reedy's anti-SLAPP motion is built on repeated misstatements about the reach of California's anti-SLAPP statute and about the allegations in Plaintiffs' First Amended Complaint, ECF 51 ("FAC"). In Plaintiffs' memorandum, they repeatedly argue that their "claims against [Reedy] are based on what he did, not on anything he said." ECF 81 ("Opp.") at 6 (emphasis omitted).[1] But this is inaccurate, and even if it were true, it would be beside the point. It is inaccurate because the FAC does complain about what Reedy said—namely, his alleged involvement in using Instagram to call on people to attend a protest and his shouting inside the Pavilion as part of that protest. The argument is beside the point because, as Reedy carefully set forth in his opening motion papers, the anti-SLAPP statute protects not just speech but "act[s] … in furtherance of" speech. Cal. Civ. Proc. Code § 425.16(b)(1). What Reedy allegedly "did" is part of why he is entitled to relief.

Similarly, Plaintiffs are incorrect when they claim that Reedy, by "direct[ing] an anti-SLAPP motion against a trespass claim—a claim based solely on the physical location of a person—underscores the lack of seriousness of the motion." Opp. at 20. As Reedy has shown, multiple courts have applied the anti-SLAPP statute to trespass claims. Those courts, including the Ninth Circuit, recognize that entering another's property can be an act in furtherance of the person's right of petition or free speech.

Properly construed, the anti-SLAPP statute plainly covers the political protest activity and speech of which Plaintiffs accuse Reedy. For the reasons set forth below and in Mr. Reedy's Special Motion to Strike, ECF 61 ("Anti-SLAPP Mtn."), this Court should grant Reedy's motion.

---

[1] References to documents filed on ECF refer to the page numbers stamped at the top of the document by the ECF system.

## ARGUMENT

### 1. Because Plaintiffs' state-law claims arise from allegations that Reedy criticized the State of Israel, and acted "in furtherance of" such speech, he has satisfied the first step of the anti-SLAPP test.

Plaintiffs do not dispute Reedy's statement of the basic requirements for satisfying step one of the two-step anti-SLAPP inquiry. Reedy must "make a prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's constitutional right to free speech" in connection with a public issue. Anti-SLAPP Mtn. at 11 (quoting *CoreCivic, Inc. v. Candide Grp., LLC*, 46 F.4th 1136, 1140 (9th Cir. 2022)). Contrary to Plaintiffs' arguments, Reedy has made such a prima facie showing.

#### 1.1. The acts and speech attributed to Reedy concerned "an issue of public interest" and are protected under California Code of Civil Procedure § 425.16(e)(4).

An anti-SLAPP movant has multiple options for showing that his complained-of "act[s]" were "in connection with a public issue." Cal. Civ. Proc. Code § 425.16(b)(1). One way is to show that he made a "written or oral statement … in a place open to the public or a public forum in connection with an issue of public interest." *Id.* § 425.16(e)(3). Another way, under the statute's catch-all provision, is to show that he undertook "any other conduct in furtherance of the exercise of … free speech in connection with a public issue or an issue of public interest." *Id.* § 425.16(e)(4); *see* Anti-SLAPP Mtn. at 12.

Plaintiffs argue that Reedy has not shown that the Pavilion was "open to the public or a public forum" under subsection (e)(3). *See* Opp. at 11-12. Even if, *arguendo*, this was correct, that would not defeat Reedy's motion if he showed, under subsection (e)(4), that Plaintiffs complain of "any other conduct" by Reedy in furtherance of speech on "an issue of public interest." *See Wilbanks v. Wolk*, 121

Cal.App.4th 883, 897-98 (2004) ("[E]ven if [defendant's] communications were not made in a public forum, and therefore do not fall under … subdivision (e)(3), they fall under subdivision (e)(4)."). While Reedy maintains that he has satisfied subsection (e)(3),[2] he focuses in this reply on his prima facie showing under subsection (e)(4).

Plaintiffs do not dispute that "speech criticizing the State of Israel and the ideology of Zionism—among the most widely discussed and contested issues of the current moment," is speech on an "issue of public interest." Anti-SLAPP Mtn. at 13. They do appear to imply that Reedy may not have spoken about Israel at all. *See, e.g.*, Opp. at 6 (contending that Reedy "fails to cite a single allegation in the [FAC] that refers to anything he said"). But the FAC does not support this argument.

Although the FAC doesn't purport to directly quote Reedy's words at the symposium, the FAC's manifest thrust is that Reedy joined and executed a plan whose purpose was to demonstrate against the actions of the State of Israel and one of its weapons makers. The FAC complains of Reedy's alleged involvement in PCC's Instagram call for people to join a protest of "WEAPONS MANUFACTURER ELBIT SYSTEMS," and demonstrators for whose actions Plaintiffs claim Reedy is liable held a banner decrying Elbit Systems as "genociders"—a clear reference to the widely held conclusion that Israel has

---

[2] The anti-SLAPP statute "is to be construed broadly," *Langer v. Kiser*, 57 F.4th 1085, 1105 (9th Cir. 2023) (citation omitted); *see* Cal. Civ. Proc. Code § 425.16(a), and courts have held that a forum may be "public" under subsection (e)(3) even if the organizers can require registration and otherwise control who has access to it, *see Piping Rock Partners, Inc. v. David Lerner Assocs., Inc.*, 946 F.Supp.2d 957, 975 (N.D. Cal. 2013). Here, the FAC indicates that members of the public were able to attend the symposium as long as they registered for it, *see* FAC ¶ 40, suggesting it was sufficiently "public" to satisfy § 425.16(e)(3).

committed genocide in Gaza. FAC ¶¶ 39, 68.[3] The FAC further alleges that Reedy personally "disrupted the program" by "scream[ing] and shout[ing] at attendees." FAC ¶ 86. Plaintiffs acknowledge he was doing this as part of the above-described "protest." Opp. at 12-13. What else could he have been shouting about if not the subject matter of the protest? To the extent Plaintiffs are arguing that their claims do not arise from acts and speech by Reedy directed at protesting an Israeli weapons manufacturer, that argument is entirely at odds with the FAC and is meritless.

### 1.2. The anti-SLAPP statute protects not just speech but also acts "in furtherance of" such speech, and Plaintiffs' claims arise from allegations that Reedy both spoke out against Israel and acted in furtherance of such speech.

Plaintiffs repeatedly assert that "[t]he claims against [Reedy] are based on what he ***did***, not on anything he said." Opp. at 6 (emphasis in original); *see also* Opp. at 10 (arguing that Plaintiffs' "claims against Reedy rest on what he did, not what he said"). This contention is both inaccurate and beside the point.

It is inaccurate because Plaintiffs complain not of Reedy's bare act of entering the Pavilion but rather of him allegedly (1) being involved in reposting an Instagram post that Plaintiffs claim led to various violations of state law, and (2) entering the Pavilion and shouting in protest in a manner that Plaintiffs claim was unlawful because it allegedly constituted threats, obstruction, and unlawful antisemitism. Both sets of allegations complain of speech.

---

[3] *See, e.g.*, Aaron Boxerman, *In a First, Leading Israeli Rights Groups Accuse Israel of Gaza Genocide*, N.Y. Times, July 28, 2025, https://www.nytimes.com/2025/07/28/world/middleeast/israel-genocide-gaza-rights-groups.html.

Plaintiffs' argument is beside the point because "the first, 'threshold' anti-SLAPP step is satisfied if the plaintiffs' claim arises from '*not merely actual exercises of free speech rights but also conduct that furthers such rights*.'" Anti-SLAPP Mtn. at 14 (emphasis added) (quoting *Hilton v. Hallmark Cards*, 599 F.3d 894, 903 (9th Cir. 2010)). For this reason, state courts and the Ninth Circuit have found the first anti-SLAPP prong satisfied even in connection with trespass claims, as Reedy showed in his opening motion papers. *See id.* (citing *Huntingdon Life Scis., Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.*, 129 Cal.App.4th 1228, 1246 (2005); and *Langer v. Kiser*, 57 F.4th 1085, 1105 (9th Cir. 2023)). In *Huntingdon* and *Langer*, the defendants were, as here, alleged to have trespassed onto the plaintiffs' property in the course of doing or saying things of the sort protected by the First Amendment.

Plaintiffs cite the proposition that "[i]f the defendant *concedes* or the evidence *conclusively establishes* the conduct complained of was illegal, as a matter of law the defendant cannot make a prima facie showing the action arises from protected activity." *Huntingdon*, 129 Cal.App.4th at 1246 (emphasis in original); *see* Opp. at 13. But neither is the case here. As in *Huntingdon*, the defendant here "ha[s] not conceded [he] committed any illegal acts," and "the evidence does not show illegality as a matter of law." *Id.* (emphasis omitted). To the contrary, Reedy contests all claims and there is no "evidence" at all in this case, which is still in the pleading stage, let alone "conclusive" evidence that Reedy violated the law.

Because this Court cannot right now hold as a matter of law that Reedy is liable for trespass or any other claim (far from it, as Reedy has shown in his motion to dismiss), the standard that applies at step one of the anti-SLAPP analysis is the standard set forth in Reedy's motion and above: he must make a "prima facie" showing that he entered the symposium in furtherance of speaking out on an issue of public interest. He need not, at this first step, "establish [his] actions are constitutionally protected under the First Amendment as a matter of law.'" Anti-

SLAPP Mtn. at 14 (quoting *Greater L.A. Agency on Deafness, Inc. v. Cable News Network, Inc.*, 742 F.3d 414, 424 (9th Cir. 2014)). In other words, because it is not conclusively established that Reedy is liable for the complained-of acts, "the question of whether the speech is [not protected] must be examined when plaintiff demonstrates a probability of success on the merits"—that is, at step two of the anti-SLAPP inquiry. *Huntingdon*, 129 Cal.App.4th at 1246 (alteration in original); *see also id.* ("Mere allegations that defendants acted illegally … do not render the anti-SLAPP statute inapplicable.").

Contrary to Plaintiffs' argument, the courts in *Huntingdon* and *Langer* did not find the defendants to have satisfied step one only because the acts in question "took place in a public forum." Opp. at 14 (citation omitted). In *Huntingdon*, the court first found that the complained-of acts satisfied step one because they were, under § 425.16(e)(4), in furtherance of speech on an issue of public interest, namely the testing of pharmaceutical products on animals. *Huntingdon*, 129 Cal.App.4th at 1246. The court then cited, as a *secondary, independent reason* for finding step one satisfied, that the speech took place in a public forum, under § 425.16(e)(3). In other words, the "public forum" finding was not necessary to the court's overall finding that the defendants satisfied step one in their special motion to strike the trespass claim.

In *Langer*, the Ninth Circuit's holding that the defendant satisfied step one had nothing to do with the place in question being "open to the public." Opp. at 14 (quoting *Langer*, 57 F.4th at 1104). The Court simply asked whether the defendant, in entering the plaintiffs' property, was doing so in furtherance of his right of petition, without going into the merits of the trespass claim. And in fact, when the Court turned to the second anti-SLAPP step, it affirmed the lower court's holding that the plaintiffs "established a reasonable probability of prevailing on their trespass claim." *Langer,* 57 F.4th at 1105-06 (internal quotation marks omitted).

*Langer* thus clearly illustrates that, contrary to Plaintiffs' argument, the question of whether Reedy's alleged trespass or other conduct was in furtherance of his First Amendment rights must be considered separately from the step-two question of whether Plaintiffs have adequately pleaded that that conduct was unlawful.

As for Plaintiffs' reliance on *Novartis Vaccines & Diagnostics, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.*, 143 Cal.App.4th 1284 (2006); *see* Opp. at 14, that decision has nothing to say about this case. In *Novartis*, co-conspirators "broke [the plaintiff's] employees' windows, vandalized their cars, set off ear-piercing alarms in their yards, and left excrement on their doorsteps," 143 Cal.App.4th at 1288, and bombed the plaintiff company's headquarters, *id.* at 1291. Evidence was submitted showing this, *id.* at 1293, and not only was there "no dispute" about this "conclusive[]" evidence, but the defendant "conceded that the attacks … were unlawful," *id.* at 1296. That is a very far cry from this case.

**2. Plaintiffs do not come close to showing that this motion is "frivolous" under the highly demanding governing standard, which Plaintiffs ignore.**

"If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion, pursuant to Section 128.5." Cal. Civ. Proc. Code § 425.16(c)(1). "'Frivolous' means totally and completely without merit or for the sole purpose of harassing an opposing party." *Id.* § 128.5(b)(2); *accord FenceScreen, Inc. v. D.C. Humphrys Co.*, No. SACV 21-01406-CJC(DFMx), 2021 WL 8820545, at *4 (C.D. Cal. Oct. 14, 2021). This demanding standard is met "only if any reasonable attorney would agree that the motion is totally devoid of merit," an "objective standard." *H-D USA LLC v. Affliction Holdings LLC*, No. 2:20-cv-01642-VAP-MRWx, 2020 WL 11035916, at *3 (C.D. Cal. Nov. 25, 2020) (quoting *Chitsazzadeh v. Kramer & Kaslow*, 199 Cal.App.4th 676, 683-84 (2011)).

"This is a high standard to meet and Plaintiff[s'] rather conclusory request for attorney's fees fails to adequately address it." *FenceScreen,* 2021 WL 8820545, at *4. In fact, Plaintiffs do not even acknowledge this highly demanding standard. As shown above, Plaintiffs fail to defeat Reedy's motion; they certainly do not come close to meeting the standard for frivolousness.

Plaintiffs argue that because Reedy "directs an anti-SLAPP motion against a trespass claim—a claim based solely on the physical location of a person," the motion "lack[s] seriousness." Opp. at 20. Reedy's opening motion papers show this argument to be wrong. As discussed there and above, multiple decisions hold that the anti-SLAPP statute applies to trespass claims. Similarly, Plaintiffs' argument that the FAC does not "seek[] to impose liability for anything [Reedy] said," *id.*, is wrong for the reasons discussed above.

Nor should the Court accept Plaintiffs' conclusory assertion that the anti-SLAPP motion is "solely intended to cause unnecessary delay." *Id.* It is not intended to cause unnecessary delay at all. Reedy filed this motion concurrently with his motion to dismiss, and it is routine for federal courts to decide both motions together, so Reedy couldn't hope to achieve much if any delay by filing the anti-SLAPP motion. Moreover, the filing of an anti-SLAPP motion with a motion to dismiss "indicates a good faith effort to dismiss" the targeted claims. *Weiland Sliding Doors & Windows, Inc. v. Panda Windows & Doors, LLC*, 814 F.Supp.2d 1033, 1039 (S.D. Cal. 2011). Here that is certainly true. Whatever one's ultimate views about Israel or the alleged tactics used in the protest of the symposium, Reedy clearly has a legitimate argument—indeed a very strong one, as he has shown in briefing both his motion to dismiss and the present motion—that this lawsuit, against ordinary people who intended to participate in a political protest on a hotly debated topic, is an improper and meritless attempt to punish and chill protected speech.

## CONCLUSION

For the reasons set forth above and in Jason Reedy's special motion to strike Plaintiffs' state-law claims under California Code of Civil Procedure § 425.16, the Court should grant Mr. Reedy's motion.

Dated: November 13, 2026

*/s/ Jacob Loup*
Jacob Loup
Law Office of Jacob Loup

Akeeb Dami Animashaun, Esq.

*Attorneys for Defendant Jason Reedy*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Jason Reedy, certifies that this brief contains 2,619 words, which complies with Section 9(d) of the Court's Standing Order for Civil Cases.

Dated: November 13, 2026

*/s/ Jacob Loup*
Jacob Loup