Lauren Regan, Esq., Oregon S.B. #970878,
admitted pro hac vice
CIVIL LIBERTIES DEFENSE CENTER
1711 Willamette St., Ste 301 #359
Eugene, OR 97401-4593
Telephone: (541) 687-9180
Emails: lregan@cldc.org

Dan Stormer, Esq. [S.B. #101967]
Bina Ahmad, Esq. [S.B. #329387]
Sarah Cayer, Esq. [S.B. # 334166]
HADSELL STORMER RENICK & DAI LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
Telephone: (626) 585-9600
Facsimile: (626) 577-7079
Emails: dstormer@hadsellstormer.com
bahmad@hadsellstormer.com
scayer@hadsellstormer.com

Attorneys for Defendants
PEOPLE'S CITY COUNCIL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

WILSHIRE BOULEVARD TEMPLE and THE LOUIS D. BRANDEIS CENTER COALITION TO COMBAT ANTI-SEMITISM, INC.

Plaintiffs,

v.

TURTLE ISLAND LIBERATION FRONT LA, KOREATOWN 4 PALESTINE, PEOPLE'S CITY COUNCIL – LOS ANGELES, QUYEN BALLAGH, AUDREY ILLEENE CARROLL, RAY WUE CORPUS, JASON REEDY, and JOHN DOES 1-40,

Defendants.

Case No.: 2:26-cv-07560-MCS-AJR
[Assigned to the Honorable Mark C. Scarsi – Courtroom 7C]

DEFENDANT PEOPLE'S CITY COUNCIL MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

DATE: January 25, 2027
TIME: 9:00 a.m.
CRTRM: 7C
Complaint Filed: July 10, 2026

ORAL ARGUMENT REQUESTED

# TABLE OF CONTENTS


TABLE OF AUTHORITIES .......... ii

INTRODUCTION .......... 1

I. Plaintiffs Incorrectly Assert that PCC Has Waived Arguments .......... 1

II. Plaintiffs Improperly Cite Non-Binding District Court Decisions as Precedential .......... 2

III. Plaintiffs Mischaracterize Their Own Allegations Regarding PCC .......... 2

IV. PCC Cannot Be Held Liable for Simply "Liking" or Reposting .......... 3

V. Plaintiffs' Conclusory Allegations Regarding Agency and Conspiracy, Including Those Made "On Information and Belief," Cannot Form the Basis of Any Claims, Without Factual Support .......... 4

VI. Plaintiffs' "Ratification" Argument is Groundless .......... 5

VII. PCC's Social Media Posts Are Protected Speech, and Plaintiffs Do Not Plead Facts Supporting a Finding that the Posts Constitute Either "True Threats" or Intentional Threats as Required by the FACE and FACCE Acts 7

CONCLUSION 8

CERTIFICATION 9

# TABLE OF AUTHORITIES

**Page(s)**

## Federal Cases

*Ashcroft v. Iqbal* (2009) 556 U.S. 662 .......... 4-5

*Batzel v. Smith*, 333 F.3d 1022 (9th Cir. 2003) .......... 3

*Brandenburg v. Ohio* (1969) 395 U.S. 444 .......... 7

*Camreta v. Greene*, 563 U.S. 692 (2011) .......... 2

*Denton v. City & Cnty. of San Francisco,* 119 Cal. App. 2d 369, 377, 260 P.2d 83, 87 (1953) .......... 5

*Helmann v. Codepink Women for Peace*, 2025 WL 3030582 (C.D. Cal. June 13, 2025) .......... 2

*Kinney v. City of Corona*, 99 Cal. App. 5th 1, 317 Cal. Rptr. 3d 545 (2023) .......... 2

*NAACP v. Claiborne Hardware Co.* (1982) 458 U.S. 886 .......... 7

*Planned Parenthood of Columbia/Willamette, Inc. v. American Coalition of Life Activists*, 290 F.3d 1058 (2002) .......... 7

*Soo Park v. Thompson*, 851 F.3d 910 (9th Cir. 2017) .......... 2

*Weinberg v. National Students for Justice in Palestine*, 2026 WL 184302 (C.D. Cal. Jan. 20, 2026) .......... 2

*Williams v. Yamaha Motor Co.* 851 F.3d 1015 (9th Cir. 2017) .......... 4-5

## State Cases

*Kneeland v. Shroyer*, 214 Or. 67, 328 P.2d 753 (1958) .......... 5-6

*Phan v. Pham* (2010) 182 Cal.App.4th 323 .......... 3

**Federal Statutes**

Communications Decency Act, 47 U.S.C. § 230 .......... 3

**Other Authorities**

Restatement of Agency .......... 5-6

## INTRODUCTION

As addressed at length in PCC's Motion to Dismiss, Plaintiffs have failed to plausibly allege any claim for relief against Defendant PCC. Plaintiffs' response brief does not demonstrate otherwise.

Each claim against PCC depends on at least one of three legal theories: (1) that PCC's social media posts constituted a true threat that interfered with Plaintiffs' rights under state and federal statutes; (2) that PCC and Jason Reedy had an agency relationship, and PCC is responsible for Reedy's alleged actions; and/or (3) that PCC was a co-conspirator in a conspiracy to deprive Plaintiffs of their constitutional and statutory rights. None of these theories succeed, so all claims against PCC must be dismissed.

## I. Plaintiffs Incorrectly Assert that PCC Has Waived Arguments

In three separate parts of their brief, Plaintiffs assert that PCC has waived certain arguments. None of those assertions is correct.

On page 13 of their brief, Plaintiffs assert that PCC has failed to address "several" of the claims in the amended complaint, "*e.g.* trespass," thereby "forfeiting" any challenge to those claims. That is incorrect. The trespass claim is based upon the agency and conspiracy theories. PCC explicitly challenges the trespass claim (and other claims) on page 14 of the Motion to Dismiss, in the section arguing that the agency allegations must be stricken and the related claims dismissed. On pages 5-11 of the Motion, PCC argues that *all* claims against it are non-viable because the only actions it is alleged to have taken are protected speech. And on pages 10-21 of its Motion, PCC argues that all conspiracy claims should be dismissed.

On page 20 of its brief, Plaintiffs assert that "nowhere does PCC dispute its actions constitute a threat of force." This is astounding and unsupported. Pages 10 through 11 of PCC's Motion to Dismiss explicitly argue that the allegations regarding PCC's actions cannot meet the FACE and FACCE Acts' definition of a "threat of force." PCC argues at length elsewhere in its brief that the allegations do not rise to an

actionable "threat," which includes a discussion of "force." MTD at 5-7.

Later on that same page, Plaintiffs assert that PCC has "forfeited" any argument that the "unified campus" is a place of worship. That "unified campus" allegation is not relevant to PCC's Motion to Dismiss. As fully detailed in pages 11-13 of the Motion, the location of the actual event at issue – the Pavilion – is not "primarily" a place of worship, and Plaintiffs' counsel's *post hoc* explanations of how the area is used do not change what the complaint, and Plaintiffs' own website, demonstrate.

## II. Plaintiffs Improperly Cite Non-Binding District Court Decisions as Precedential

Plaintiffs rely heavily on two district court opinions, and chide PCC for not meeting the standards set in those cases. But as Plaintiffs' counsel certainly knows, district court decisions are not binding, even within the district. "A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011). This court is not bound by the analysis or outcome in *Weinberg v. National Students for Justice in Palestine*, 2026 WL 184302 (C.D. Cal. Jan. 20, 2026) (cited at pages 25-27 to support Plaintiffs' conspiracy arguments) and *Helmann v. Codepink Women for Peace*, 2025 WL 3030582 (C.D. Cal. June 13, 2025) (cited at pages 16, 18-19, and 22-24, for a variety of legal principles).

## III. Plaintiffs Mischaracterize Their Own Allegations Regarding PCC

Plaintiffs assert that the day before the symposium, "Defendant Organizations" issued calls for their members to "wear bloc," citing ¶¶ 6-7, 64, 66-68 of the FAC (ECF 51). Resp. to PCC MTD (ECF 76) at 9. But the actual allegations against PCC contain no such "call." Other than ¶ 68, the cited paragraphs refer to other defendants. ¶ 68 simply states that PCC "liked" Koreatown 4 Palestine's social media post.

Plaintiffs also go on at length about PCC's alleged "propensity to engage in violence." Resp. Br. at 16-17. But when the conclusory language is stripped from the complaint, Plaintiffs have alleged only a propensity for disruption. Paragraphs 47

through 50 of the FAC (ECF 51) use the word "violent" in reference to PCC; but the only *facts* alleged therein discuss *disruption* (specifically in ¶¶ 47, 49, and 50). As discussed immediately *infra* and in PCC's Motion, "liking" and reposting another group's post that happens to have an inverted triangle cannot form the basis of liability.

Plaintiffs have slid down the slippery slope from political advocacy and disruption to an inference of "threats" and "violence." Under the First Amendment, such conflation is a classic constitutional error.

**IV. PCC Cannot Be Held Liable for Simply "Liking" or Reposting**

If "liking" a social media post were enough to incur liability for a call to action, most people would be at risk of suit. Neither "liking" or even *reposting* (which PCC is also alleged to have done) cannot, as a matter of law, invoke liability. The Communications Decency Act, 47 U.S.C. § 230(c)(1), states: "No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." In addition, such activity is protected under both Ninth Circuit and California controlling precedent. *See Batzel v. Smith*, 333 F.3d 1022, 1034-35 (9th Cir. 2003) (posting accusing plaintiff of art theft was not created or developed in whole or in part by website moderator, who added a statement that "the FBI has been informed of the contents of [the] original message"); *Phan v. Pham* (2010) 182 Cal.App.4th 323 (holding that a person who forwards an email, introducing it with language of his own, is entitled to immunity under § 230 for the allegedly defamatory content in the forwarded email).

Therefore, all of Plaintiffs' allegations against PCC that rely upon the nature of the social media post should be ignored by the Court when assessing the sufficiency of the complaint. This is true for the "meeting of the minds" argument Plaintiffs make on page 26 of their brief, as well as the lengthy discussion of "threat" on pages 16-20.

## V. Plaintiffs' Conclusory Allegations Regarding Agency and Conspiracy, Including Those Made "On Information and Belief," Cannot Form the Basis of Any Claims, Without Factual Support

Plaintiffs' response regarding "information and belief" claims (Resp. at 14) misses the mark.

First, Plaintiffs argue that, even ignoring their "information and belief" allegations, they have stated claims against PCC based on the following:

1) PCC "liked" Koreatown's post. *See also* Resp. Br. at 16-17. As discussed *supra* and in PCC's Motion, that cannot form the basis for any claims.

2) PCC "adopted" and reposted the post. Similarly, this cannot form the basis of any claim, as discussed *supra* and in the Motion.

3) PCC urged followers to "shut it down," referring to the event at issue. As discussed in detail in PCC's motion to dismiss, and in further discussion *infra,* this is protected speech.

4) PCC "assembled" with "coconspirators" "as directed." First, there is no allegation in the complaint that PCC itself attended the event. Second, as discussed in detail herein and in the motion to dismiss, Plaintiffs have insufficiently alleged any agency relationship or conspiracy to support such a factual assertion.

Plaintiffs then go on to assert that some of their "information and belief" pleadings are about things only PCC can know. But that does not relieve Plaintiffs of the duty to identify factual information that makes their belief reasonable, and makes the inference of culpability "plausible." *Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017) (cited by Plaintiffs on page 14 of their brief). The attorney is deemed to have certified that such allegations "will *likely* have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. Proc. 11(b) (emphasis added). As in *Williams v. Yamaha Motor Co.*, conclusory agency allegations, unsupported by factual assertions, cannot be considered by the court. 851 F.3d 1015, 1025 n. 5 (9th Cir. 2017) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937

(2009), in the context of agency allegations). Indeed, Plaintiffs set forth the appropriate test in their own brief, at pages 23-24, but then fail to point to specific factual allegations in their FAC to meet that test.

At page 24, Plaintiffs cite their "podcast" allegation regarding agency, but, as noted in PCC's Motion at 15, the podcast site linked within ¶ 52 of the complaint does not mention Reedy at all, much less state that he is "a principal spokesperson" or podcast host on behalf of PCC.

Plaintiffs also assert, at page 24 footnote 6, that, because PCC and Reedy had the same attorney early in this case, the court should infer an agency relationship. Such an approach has been thoroughly rejected by the courts in a variety of contexts. *See, e.g., Kinney v. City of Corona*, 99 Cal. App. 5th 1, 16, 317 Cal. Rptr. 3d 545, 557 (2023), *as modified* (Jan. 24, 2024) (rejecting presumption of agency relationship between different clients of the same attorney, without evidence "the clients have a principal-agency relationship involving their common attorney").

**VI. Plaintiffs' "Ratification" Argument is Groundless**

Plaintiffs argue that they have properly alleged that (upon information and belief) PCC ratified Defendant Reedy's behavior by failing to "disavow" his actions. Resp. Br. at 25. That is an oversimplification of the actual test for ratification by silence or inaction.

The Restatement of Agency sets forth a lengthy test for such a ratification claim. Although PCC's counsel has not been able to locate a California case adopting that particular section of that Restatement, California has clearly relied upon the Restatement of Agency for decades. *See, e.g., Denton v. City & Cnty. of San Francisco,* 119 Cal. App. 2d 369, 377, 260 P.2d 83, 87 (1953) (citing Restatement of Agency, section 93(2), for the rule that "[t]he doctrine of ratification is subject to the limitation that the subsequent ratification should be made with the same formalities required for the original exercise of the power").

The Oregon Supreme Court reviewed and applied the relevant portion of the

Restatement in *Kneeland v. Shroyer*:

The rule is thus set forth in the Restatement, Agency § 94:

> An affirmance of an unauthorized transaction may be inferred from a failure to repudiate it.

Appended to the foregoing are the following comments:

> a. Silence under such circumstances that, according to the ordinary experience and habits of men, one would naturally be expected to speak if he did not consent, is evidence from which assent may be inferred. Such inference may be drawn although the purported principal had no knowledge that the third person would rely upon the supposed authority of the agent; his knowledge of such fact, however, coupled with his silence, would ordinarily justify an inference of assent by him. Whether or not such an inference is to be drawn is a question for the jury, unless the case is so clear that reasonable men could come to but one conclusion.
>
> c. If a third person, who has had dealings with a purported agent, reports these to the purported principal under circumstances which reasonably justify an inference of consent unless the principal discloses his dissent, the failure of the principal to dissent within a reasonable time is, unless explained sufficient evidence of affirmance.

214 Or. 67, 94, 328 P.2d 753, 765-66 (1958).

Although the Oregon Court noted the Restatement's comment that this would normally be a question for the jury, Plaintiffs in the instant case have not alleged even the barest facts to plausibly bring PCC's alleged ("on information and belief") failure to "disavow" Reedy's actions into the realm of a ratification framework.

## VII. PCC's Social Media Posts Are Protected Speech, and Plaintiffs Do Not Plead Facts Supporting a Finding that the Posts Constitute Either "True Threats" or Intentional Threats as Required by the FACE and FACCE Acts

Plaintiffs assert that PCC has not properly stated the test for the "threat" PCC must demonstrate in order to overcome the First Amendment's protections for PCC's speech. Resp. Br. at 16-20.

As set forth in PCC's Motion, and in other Replies filed today, the FACE Act, as well as other statutes invoked by the Plaintiffs, unambiguously contain a requirement of *intentional* threat, a requirement that was confirmed in the *en banc Planned Parenthood* decision, which noted that the "requirement of intent to intimidate serves to insulate the statute from unconstitutional application to protected speech." *Planned Parenthood of Columbia/Willamette, Inc. v. American Coalition of Life Activists*, 290 F.3d 1058, 1076 (2002) (citation omitted). That Court noted that the more specific FACE standard subsumes the First Amendment's threat standard, providing more protection for speech. Thus, Plaintiffs' intellectual analysis of *Counterman* is off point.[1]

On pages 17 and 18 of their brief, Plaintiffs bootstrap the actions of Defendant Reedy – and even Defendant Corpus – into acts of PCC. As discussed in PCC's Motion and herein, there are no plausible factual allegations to support such liability.

Plaintiffs argue at page 20 of their brief that *Brandenburg v. Ohio*, 395 U.S. 444 (1969), and *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 927 (1982), protect only "advocacy of violence to achieve political reform – not threats." That is missing the point entirely. PCC's FACE/FACCE Act "threat" argument is separate from, but supported by, the protections for speech that were articulated in those two landmark Supreme Court cases. It is true that the FACE Act has its own statutory language,

---

[1] To the extent the Court does deem the "true threat"/*Counterman* analysis dispositive, Plaintiffs have not even alleged sufficient facts to support an inference that PCC consciously disregarded a subjective risk that its statements would be viewed as threatening violence. *See* Resp. Br. at 16 (citing test).

requiring plaintiffs to prove that defendants intended and carried out a "threat." But that added an *additional* hurdle to the elements a plaintiff must plausibly allege and then prove. It did not, and could not, remove the protections for speech that are grounded in the First Amendment.

In the instant case, Plaintiffs have demonstrated, after being given a second bite at the apple, that they cannot meet the twin hurdles of the First Amendment and the FACE Act in seeking to impose liability on PCC for its speech.

## CONCLUSION

Based upon this brief and PCC's Motion to Dismiss, this Court should dismiss all of Plaintiffs' claims against PCC with prejudice.

Dated: November 13, 2026

Respectfully Submitted,

CIVIL LIBERTIES DEFENSE CENTER

By: Lauren Regan
Of Attorneys for Defendant PEOPLE'S CITY COUNCIL

Dated: November 13, 2026

HADSELL STORMER RENICK & DAI LLP

By: Bina Ahmad
Dan Stormer
Sarah Cayer
Attorneys for Defendant PEOPLE'S CITY COUNCIL

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant People's City Council, certifies that this brief contains 2408 words, which complies with Section 9(d) of the Court's Standing Order for Civil Cases.

Dated: November 13, 2026

Respectfully Submitted,

CIVIL LIBERTIES DEFENSE CENTER

By: Lauren Regan

Attorneys for Defendant PEOPLE'S CITY COUNCIL

Dated: November 13, 2026

HADSELL STORMER RENICK & DAI LLP

By: Bina Ahmad
Dan Stormer
Sarah Cayer

Attorneys for Defendant PEOPLE'S CITY COUNCIL