Daniel N. Shallman (Bar No. 180782)
Paulina Rafizadeh (Bar No. 348706)
Mathew A. Sperling (Bar No. 360266)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067-4643
Telephone: + 1 (424) 332-4800
dshallman@cov.com; prafizadeh@cov.com
msperling@cov.com

Marci L. Miller (Bar No. 162790)
Richard Rosen (*Pro Hac Vice*)
Jeffrey I. Lang (*Pro Hac Vice*)
Mollie Galchus (*Pro Hac Vice*)
THE LOUIS D. BRANDEIS CENTER FOR HUMAN RIGHTS UNDER LAW
1776 I Street, NW
Washington, DC 20006
Telephone: + 1 (714) 299-7157
mmiller@brandeiscenter.com; rrosen@brandeiscenter.com;
jlang@brandeiscenter.com; mgalchus@brandeiscenter.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILSHIRE BOULEVARD TEMPLE, et al.,<br><br>Plaintiffs<br><br>v.<br><br>TURTLE ISLAND LIBERATION FRONT LA, et al.,<br><br>Defendants. | Case No. 2:26-cv-07560-MCS-AJR<br><br>Assigned to the Honorable Mark C. Scarsi – Courtroom 7C<br><br>**PLAINTIFFS' PROPOSED SUR-REPLY TO DEFENDANT PEOPLE'S CITY COUNCIL'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** |

[Filed concurrently with Motion to Strike or for Leave to File Sur-Reply and [Proposed] Order]

Hearing: January 25, 2027

Defendant People's City Council's ("PCC") reply brief asserts an argument based on Section 230 of the Communications Decency Act that PCC failed to raise in its opening brief and that is wrong. PCC contends that the Court must "ignore[]" every allegation concerning the Koreatown 4 Palestine Instagram post that PCC liked, adopted, and reshared. Reply, ECF 90, at 3. Section 230 requires no such result.

*First*, PCC's argument mischaracterizes its social media activity, which went well beyond "simply 'liking' or reposting" Koreatown 4 Palestine's Instagram post. Reply at 3. PCC adopted Koreatown 4 Palestine's call for action as its own, used it to create posts on its own Instagram and X accounts, shared the posts with its audience, including its 91,000 followers on X, urging them to mass in front of the Wilshire Boulevard Temple, and added its own caption: "LET'S SHUT THIS DOWN!!!" First Am. Compl. ¶¶ 67–68, ECF 51. Its followers heeded that instruction and showed up the next day. *Id.* ¶ 72.

*Second*, this lawsuit does not seek to hold PCC liable "as the publisher or speaker" of Koreatown 4 Palestine's Instagram post itself. Reply at 3 (quoting 47 U.S.C. § 230(c)(1)). Rather, the Amended Complaint details PCC's engagement with the post because, among other things, it provides evidence of PCC's participation in the alleged common plan as well as context for understanding the threat contained in PCC's *own* independently authored instruction on X. Section 230 does not require a court to disregard a defendant's online conduct when assessing whether that defendant agreed to and participated in an alleged conspiracy merely because one communication in the evidentiary chain originated elsewhere.

*Third*, the two defamation cases that PCC relies upon have no bearing in this context. Reply at 3 (citing *Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003); *Phan v. Pham*, 182 Cal. App. 4th 323 (2010)). In both, the alleged wrongdoing committed by the defendants was forwarding allegedly defamatory emails. The asserted injury arose from the unlawful character of the third party's words, and the claim sought to impose liability on the defendants for publishing those words.

The allegations here are different. Plaintiffs do not allege that Koreatown 4 Palestine's words independently injured them and that PCC became liable merely by republishing those words. Rather, they allege that PCC adopted a specific call to action directed at a particular event. First Am. Compl. ¶¶ 67–68. PCC added its own operational instruction and disseminated the call to its own audience of 91,000 followers. *Id.* ¶ 68. And PCC did so as part of a broader coordinated effort with its co-defendants. *Id.* ¶¶ 5, 63, 139–46. That effort culminated in masked demonstrators appearing at the designated time and place alongside Jason Reedy, a PCC leader and the architect of its disruption tactics. *Id.* ¶¶ 24, 51, 69, 72. Once there, Reedy and the demonstrators carried out PCC's playbook for staggered disruptions through unlawful obstruction, trespass, and intimidation. *Id.* ¶¶ 49, 71–72, 80–82, 86–87. In this context, the prior Instagram "like" and repost matter not as an independent basis for publisher liability, but as evidence of PCC's alleged agreement, intent, and participation in the coordinated attack on the Temple.

In addition, Plaintiffs allege that PCC's social media post, on its own and together with the acts of its co-defendants, constituted a threat of force. *Id.* ¶ 68. The assessment of its social media post as a true threat must be based on "the whole factual context and 'all of the circumstances.'" *Planned Parenthood of Columbia/Willamette, Inc. v. Am. Coal. of Life Activists*, 290 F.3d 1058, 1078 (9th Cir. 2002) (en banc), as amended (July 10, 2002). *See also Thunder Studios, Inc. v. Kazal*, 13 F.4th 736, 746 (9th Cir. 2021) (statement may be a true threat where a speaker "makes a statement against a known background of targeted violence."). PCC's endorsement of the prior Instagram post, along with its history of violence, is evidence of the threat contained in PCC's own social media post.

Section 230 does not immunize PCC from liability for its own alleged conduct, nor does it require the Court to disregard otherwise relevant allegations bearing on PCC's participation in the alleged conspiracy. PCC's newly raised Section 230 argument provides no basis to dismiss Plaintiffs' claims.

DATED: November 19, 2026

Respectfully submitted,

COVINGTON & BURLING LLP

By: */s/ Daniel N. Shallman*

Daniel N. Shallman (Bar No. 180782)
Paulina Rafizadeh (Bar No. 348706)
Mathew A. Sperling (Bar No. 360266)
1999 Avenue of the Stars
Los Angeles, California 90067-4643
Telephone: + 1 (424) 332-4800
dshallman@cov.com

THE LOUIS D. BRANDEIS CENTER FOR HUMAN RIGHTS UNDER LAW

By: */s/ Marci L. Miller*

Marci L. Miller (Bar No. 162790)
Richard Rosen (*Pro Hac Vice*)
Jeffrey I. Lang (*Pro Hac Vice*)
Mollie Galchus (*Pro Hac Vice*)
1776 I Street, NW
Washington, DC 20006
Telephone: + 1 (714) 299-7157
mmiller@brandeiscenter.com

*Attorneys for Plaintiffs Wilshire Boulevard Temple and The Louis D. Brandeis Center Coalition to Combat Anti-Semitism, Inc.*