Thomas B. Harvey (SBN 287198)
tbhlegal@proton.me
**LAW OFFICES OF THOMAS B. HARVEY**
365 E. Avenida de Los Arboles, #226
Thousand Oaks, CA 91360
Telephone: (805) 768-4440

Ben Gharagozli (SBN 272302)
ben@lobglaw.com
**LAW OFFICES OF BEN GHARAGOZLI**
7655 Winnetka Avenue, #2010
Winnetka, CA 91306
Telephone: (310) 272-9211
Facsimile: (855) 628-5517

Attorneys for Defendant Quyên Ballagh

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILSHIRE BOULEVARD TEMPLE, et al.,<br>Plaintiffs,<br><br>v.<br><br>TURTLE ISLAND LIBERATION FRONT LA, et al.,<br><br>Defendants. | Case No. 2:26-cv-07560-MCS-AJR<br>Hon. Mark C. Scarsi<br><br>**DECLARATION OF THOMAS B. HARVEY IN SUPPORT OF DEFENDANT QUYEN BALLAGH'S MOTION TO DISMISS**<br><br>Hearing date and time: 1/25/27 at 9:00 AM<br>ORAL ARGUMENT REQUESTED |

Pursuant to 28 U.S.C. § 1746, I, Thomas B. Harvey, hereby declare and state under penalty of perjury as follows:

1. Along with co-counsel Ben Gharagozli, I represent Defendant Quyên Ballagh in the above-captioned matter. I submit this declaration in support of Ms. Ballagh's Motion to Dismiss the First Amended Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) which is being filed today.

2.. A Local Rule 7-3 conference was timely held, via Microsoft Teams, on October 30, 2026, at approximately 9:30 AM. Counsel for Plaintiffs attended, and Ben Gharagozli and I attended on behalf of Ms. Ballagh. I confirm that the conference included a thorough discussion of the contemplated motions (motion to dismiss and anti-SLAPP motion) and potential resolution. This declaration is based on my notes, memory and consultation with Mr. Gharagozli regarding his notes and his memory.

3. At that conference, I informed Plaintiffs' counsel that Ms. Ballagh intended to file a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Among other things, I indicated that the Complaint impermissibly contained numerous allegations against undifferentiated "Defendants" and that those allegations did not adequately plead Mr. Ballagh's involvement in a conspiracy, that Plaintiffs' 1985 (3) claim lacked a state actor, and that there were no facts alleged against Ms. Ballagh that met the required racial animus for a 1981 or 1985 claim, among other things.

4. Counsel for Plaintiffs' responded that because their complaint alleged a violation of the 13th amendment, there was no requirement to name a state actor and that the racial animus was provided by Ms. Ballagh's statement "baby killer", which he referred to as the "oldest blood libel". Plaintiffs' counsel also cited to the Weinberg case for the contention that a state actor is not required where there is obstruction.

5. Mr. Gharagozli informed Plaintiffs' counsel that Ms. Ballagh also intended to file a special motion to strike the state-law claims under California's anti-SLAPP statute, Cal. Code Civ. P. § 425.16. He reviewed the arguments he would be making in support of the anti-SLAPP motion on both legal and factual grounds. He also requested that Plaintiffs stipulate to the first prong since the argument was about politics. Plaintiffs' counsel did not agree. Mr. Gharagozli also addressed the FACE Act issues by explaining that there was no notice that there would be religious worship at the event at issue in this case, reasoning that it cannot be that every political event at place of religious worship is protected by the FACE Act. Plaintiffs' counsel did not agree with Mr. Gharagozli's reasoning.

6. We also discussed procedural matters, including a briefing schedule that would align our hearing date for with co-Defendants' motions.

7. Plaintiffs' Counsel indicated that they were quite confident in their arguments, and that they would be opposing Ms. Ballagh's motions for similar reasons as we would see later that day in their opposition to Mr. Reedy and People City Council's Motions. Plaintiffs' counsel indicated that they would not be amending.

8. As of the filing of Ms. Ballagh's motions, the parties have not been able to reach any resolution.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 23, 2026.

/s/ Thomas B. Harvey

Thomas B. Harvey